IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> COVENANT RETIREMENT ) <br> COMMUNITIES WEST, INC., d/b/a/ ) <br> COVENANT VILLAGE OF TURLOCK, ) <br> et al., ) <br> ) <br> Defendants. ) <br> _____) | 1:04-CV-6732 AWI SMS <br><br> ORDER VACATING MAY 27, 2008 HEARING <br><br> ORDER GRANTING UNITED STATES' MOTION FOR EXTENSION OF TIME <br><br> (Document #31) |

In this action, the United States filed a complaint that contends Defendants violated the Fair Housing Act based on disability, 42 U.S.C. §§ 3601-3619.  The complaint alleges that Defendants employ policies that discriminate against persons with disabilities and their families.

On August 27, 2007, the court and the parties entered into a consent order.   The parties agreed to certain injunctive relief.   The parties also agreed that Defendants would pay damages to certain aggravated persons.   After providing for how notice would be given to potentially aggravated persons, paragraph 28 of the consent order stated:

> 28.  Allegedly aggrieved persons shall have 120 days from the entry of this Order ("Claims Bar Date") to contact the United States in response to the Claim Notice.  Any Claim received after the Claims Bar Date shall be barred.  The United States shall investigate the claims of allegedly aggrieved persons and, within 240 days from the entry of this Order, shall make a preliminary determination of which persons are aggrieved and an appropriate amount of damages that should be paid to each such person.  The United States will inform Defendants, in writing, of its preliminary determinations, together with a copy of a sworn declaration from each aggrieved person setting forth the factual basis of the

    claim and copies of any supporting documentation.  The United States, at its discretion, may submit its preliminary determinations on a rolling basis and need no submit all such determinations at the same time.  Defendants shall have 90 days to review the declarations and provide to the United States any declarations, documents or other evidence and arguments that they believe may refute the claim.  The United States shall provide Defendants with any amendments to, and supplemental materials in support of, a declaration which it obtains in response to the materials provided by Defendants.  The parties shall engage in good faith discussions regarding the United States recommendations in an attempt to stipulate to a fair resolution and disposition for each disputed claim.

The consent order further agreed that the court would retain jurisdiction to enforce the terms of the consent order.   Paragraph 44 states that any time limits for performance imposed by the consent order may be extended by the mutual agreement of the United States and Defendants.

    On April 22, 2008, the United States filed a motion for an extension of time.   The United States asks that the court grant it a two week extension to comply with paragraph 28 of the consent order pursuant to Local Rule 6-144.   The United States states that under paragraph 28 it must provide Defendants with preliminary determinations of the identities of individuals it claims were harmed and the amount of damages by April 23, 2008.   The United States ask to be allowed until May 7, 2008 to make this preliminary determination.

    On May 7, 2008, Defendants filed an opposition.   Defendants point out that by the time the court rules on the United States's motion, both the April 23, 2008 and May 7, 2008 dates will have passed.   Defendants contend that the United States has had plenty of time to comply with the deadline and the United States has failed to seek or engage in reasonable negotiations regarding an extension of time.   Finally, Defendants contend that they will be disadvantaged because they will have two less weeks to respond to the United States' preliminary determinations.

    On May 19, 2008, the United States filed a reply.   The United States points out that regardless of when Defendants receive the preliminary determinations, paragraph 28 allows Defendants 90 days in which to respond.   However, the United States states that it does not oppose an additional two week extension on Defendants' deadline.

In the pending motion, the United States seeks its first ex parte request to extend its deadline to provide preliminary determinations to Defendants.  Rule 6(b) of the Federal Rules of Civil Procedure provides:

> (b) Extending Time.
>     (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>         (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>         (B) on motion made after the time has expired if the party failed to act because of excusable neglect.
> . . . .

Fed.R.Civ.Pro.6(b).  Local Rule 6-144 provides, in part,

> **(c)    Initial Ex Parte Extension**. The Court may, in its discretion, grant an initial extension ex parte upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary. Except for one such initial extension, ex parte applications for extension of time will not ordinarily be granted.
>
> **(d)    Time for Requesting Extensions.** Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor.

Local Rule 6-144(c) & (d).

Pursuant to these standards, the United States's motion will be granted.  The United States seeks its first extension of time.  The United States appears to have attempted to reach a stipulation to extend time, but Defendants sought additional information through such a stipulation.  While it is not entirely clear why the United States was unable to provide the information within the four months set forth in the original consent order, two additional weeks is a reasonable extension.  Despite the fact Defendants' 90 days to respond does not begin to run until the United States provides Defendants with the preliminary information, based on Defendants' request and in the interests of justice, the court will extend Defendants' time to respond to 104 days.

3

No further oral argument or briefing on this issue is necessary, and this matter is suitable for decision without oral argument. <u>See</u> Local Rule 78-230(h).  Because the time frames at issue have already passed, the court finds ruling on this motion immediately prudent.

Accordingly, the court ORDERS that:

1. The May 27, 2008 hearing date is VACATED;
2. The United States' motion is GRANTED;
3. The United States SHALL provide Defendants with the preliminary determinations, as set forth in paragraph 28 of the consent decree, by May 7, 2008; and
4. Paragraph 28 of the consent decree is AMENDED to allow Defendants 104 days to respond to the United States' preliminary determinations.

IT IS SO ORDERED.

**Dated:   May 21, 2008**           /s/ Anthony W. Ishii
                          UNITED STATES DISTRICT JUDGE

4